No. 2013-1408

# UNITED STATES COURT OF APPEALS

# FOR THE FEDERAL CIRCUIT

———————————————

MICHAEL J. VAILLANCOURT,

*Patent Owner-Appellant*,

v.

BECTON DICKINSON & COMPANY,

*Third Party Requester-Appellee.*

———————————————

Appeal from Appeal 2012-003151 from the Board of Patent Appeals and
Interferences in Reexamination Control No. 95/000,565

———————————————

**BECTON DICKINSON & COMPANY'S MOTION TO DISMISS**

———————————————

AMY K. WIGMORE
WILLIAM MCELWAIN
DAVID CAVANAUGH
HEATHER PETRUZZI
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Ave., N.W.
Washington, D.C.  20006
(202) 663-6000

*Attorneys for Third Party Requester-
Appellee Becton Dickinson & Company*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ......................................................... ii

CERTIFICATE OF INTEREST ................................................... v

BACKGROUND ...................................................................... 1

ARGUMENT .......................................................................... 3

I.     MR. VAILLANCOURT DOES NOT HAVE STANDING TO APPEAL .............. 3

       A.     Mr. Vaillancourt Did Not Own The '221 Patent When He
              Appealed To This Court ............................................. 4

       B.     Mr. Vaillancourt Cannot Appeal "Under the Authority" Of
              VLV ....................................................................... 7

II.    MR. VAILLANCOURT CANNOT CURE THE STANDING DEFECT ............. 9

CONCLUSION ....................................................................... 11

FEDERAL CIRCUIT RULE 27(a)(5) STATEMENT ................................. 11

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

## CASES

Page(s)

*Abbott Point of Care Inc. v. Epocal, Inc.*, 666 F.3d 1299
(Fed. Cir. 2012) ........................................................................... 4

*Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359
(Fed. Cir. 2010) ........................................................................... 9

*Alabama Power Co. v. Interstate Commerce Commission*,
852 F.2d 1361 (D.C. Cir. 1988) ......................................... 10, 11

*Aqua Marine Supply v. AIM Machining, Inc.*, 247 F.3d 1216
(Fed. Cir. 2001) ........................................................................... 3

*Banzhaf v. Smith*, 737 F.2d 1167 (D.C. Cir. 1984) ......................... 8

*Beghin-Say International, Inc. v. Ole-Bendt Rasmussen*,
733 F.2d 1568 (Fed. Cir. 1984) ................................................ 10

*Boeing Co. v. Commissioner of Patents & Trademarks*,
853 F.2d 878 (Fed. Cir. 1988) ......................................... 4, 6, 8

*Delano Farms Co. v. California Table Grape Commission*,
655 F.3d 1337 (Fed. Cir. 2011) ................................................ 8

*Enzo APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090
(Fed. Cir. 1998) ...................................................................... 7, 9

*Gaia Technologies, Inc. v. Reconversion Technologies*, 93 F.3d 774
(Fed. Cir. 1996) ...................................................................... 7, 9

*Jones v. Board of Governors of Federal Reserve System*, 79 F.3d 1168
(D.C. Cir. 1996) ....................................................................... 10

*Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1328 (Fed. Cir. 2001) ............. 6

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ................................ 4, 6

*National Organization for Women, Inc. v. Scheidler*, 510 U.S. 249
(1994) ......................................................................................... 4

ii

*National Presto Industries, Inc. v. Dazey Corp.*, 107 F.3d 1576
(Fed. Cir. 1997) ........................................................................ 5

*Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304
(Fed. Cir. 2003) .................................................................... 4, 6

*Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198
(Fed. Cir. 2005) .................................................................. 7, 10

*Simmons v. Interstate Commerce Commission*, 716 F.2d 40
(D.C. Cir. 1983) ..................................................................... 11

*Syntex (U.S.A.) Inc. v. U.S. Patent & Trademark Office*, 882 F.2d
1570 (Fed. Cir. 1989) ........................................................... 5, 7

*U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18
(1994) ........................................................................................ 4

*Willis v. Government Accountability Office*, 448 F.3d 1341
(Fed. Cir. 2006) ........................................................................ 9

## STATUTES AND RULES

35 U.S.C.

§ 141 ................................................................................ 1, 5, 7

§ 142 ...................................................................................... 11

§ 311 ........................................................................................ 1

Leahy-Smith America Invents Act, Pub. L. No. 112-29, 125 Stat. 284
(2011) ........................................................................................ 5

Fed. R. App. P. Rule 43(b) ................................................................ 10

## REGULATIONS

37 C.F.R.

§ 1.304 ...................................................................................... 3

§ 1.913 ........................................................................................ 1

iii

§ 1.983 ................................................................................. 3

§ 90.1 ................................................................................. 3

## CERTIFICATE OF INTEREST

Counsel for Appellee Becton Dickinson & Company certifies:

1.     The full name of every party or amicus represented by us is:

       Becton Dickinson and Company

2.     The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by us is:

       Not applicable

3.     All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by us are:

       None

4.     The names of all law firms and the partners or associates who appeared for the party or amicus now represented by us in the trial court or agency or are expected to appear in this Court are:

       WILMER CUTLER PICKERING HALE AND DOOR LLP: David L. Cavanaugh, William G. McElwain, Heather M. Petruzzi, and Amy K. Wigmore


Dated:  July 3, 2013                 /s/ Amy K. Wigmore                    
                                    Amy K. Wigmore


v

Appellee Becton Dickinson & Company hereby moves to dismiss Appeal No. 2013-1408 for lack of jurisdiction. Section 141 of the Patent Act provides that only a "patent owner" can appeal an adverse reexamination decision of the Board of Patent Appeals and Interferences. Appellant Michael J. Vaillancourt transferred ownership of the patent at issue in this appeal nearly a year prior to appealing the *inter partes* reexamination decision before this Court. Because Appellant was not the "patent owner" at the time this appeal was brought, he lacks standing to maintain this appeal. Accordingly, this Court lacks jurisdiction and the appeal should be dismissed.

## BACKGROUND

On August, 12, 2010, Appellee Becton Dickinson & Company ("BD") filed a request for *inter partes* reexamination of U.S. Patent No. 6,699,221 (the "'221 patent") pursuant to 35 U.S.C. § 311 and 37 C.F.R. § 1.913. At that time, the '221 patent was owned by Patricia B. Vaillancourt according to assignment documents executed on May 2, 2002, and recorded in the United States Patent and Trademark Office ("PTO") under real 013268, frame 0318 on September 4, 2002. *See also* Affidavit of Michael J. Vaillancourt, Ex. A ¶ 3. On April 15, 2011, Patricia B. Vaillancourt assigned her rights in the '221 patent to Michael J. Vaillancourt ("Mr. Vaillancourt" or "Appellant"), and Mr. Vaillancourt recorded the assignment in the PTO on July 25, 2011. *See id.* ¶ 4.

On September 14, 2010, the PTO granted the request for *inter partes* reexamination and issued an Office Action rejecting all of the claims. The claims remained rejected and, on April 5, 2011, the PTO issued a Right of Appeal Notice. *See* Ex. B. The Patent Owner ultimately appealed the Examiner's decision rejecting all thirty-seven pending claims to the Board of Patent Appeals and Interferences (the "Board") on April 29, 2011. *See* Ex. C. Briefing concluded on October 14, 2011, after the Examiner filed the Examiner's Answer.

While waiting for the Board to render a decision in the *inter partes* reexamination, on April 24, 2012, Mr. Vaillancourt assigned ownership of the '221 patent to VLV Associates, Inc ("VLV"), which is recorded in the PTO at reel 028098, frame 0184. *See also* Ex. A ¶ 7. Three days after this assignment, on April 27, 2012, VLV sued BD for infringement of the '221 patent in the United States District Court for the District of New Jersey. The district court granted an administrative stay of the litigation on June 13, 2012 in view of the pending Board appeal in the reexamination. Ex. D.

The Board rendered a decision confirming the Examiner's rejection of all of the claims in the *inter partes* reexamination on June 29, 2012, Ex. E, and confirmed this analysis in its Decision on Rehearing issued on February 13, 2013. Ex. K.

2

On April 3, 2013, Michael J. Vaillancourt filed a notice of appeal to the United States Court of Appeals for the Federal Circuit.  Ex. F.  BD raised the issue of whether Mr. Vaillancourt has standing to bring the appeal in its docketing statement filed on May 29, 2013.  Ex. G.  On June 19, 2013, attorneys for BD conducted a teleconference with Francis C. Hand, attorney for Appellant, and asked about Mr. Vaillancourt's standing to bring the appeal.  Subsequently, on June 26, 2013, attorneys for BD sent Mr. Hand a letter seeking evidence that Mr. Vaillancourt owned the '221 patent when the notice of appeal was filed.  Ex. H.  On June 27, 2013, a letter from Francis C. Hand and an affidavit from Mr. Vaillancourt confirmed that Mr. Vaillancourt did not have any ownership interest in the '221 patent when the notice of appeal was filed on April 3, 2013.  Ex. A.  Then, on July 3, 2013, Michael Vaillancourt filed a supplemental certificate of interest acknowledging VLV Associates, Inc. as a real party in interest.  Ex. J.  The time for VLV, the owner of the '221 patent, to file a notice of appeal expired on April 15, 2013.  *See* 37 C.F.R. §§ 1.983, 90.1, 1.304.

## ARGUMENT

## I.    MR. VAILLANCOURT DOES NOT HAVE STANDING TO APEPAL

"[I]t is axiomatic that a federal court may not address 'the merits of a legal question not posed in an Article III case or controversy,' and that 'a case must exist at all the stages of appellate review.'"  *Aqua Marine Supply v. AIM Machining,*

*Inc.*, 247 F.3d 1216, 1219 (Fed. Cir. 2001) (quoting *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 21 (1994)).  "Article III standing, like other bases of jurisdiction, generally must be present at the inception of the lawsuit," *Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304, 1308 (Fed. Cir. 2003), and "remains open to review at all stages of the litigation," *National Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 255 (1994).

Because Mr. Vaillancourt assigned his interest in the '221 patent to VLV, he lacks standing to pursue this appeal.  Thus, there is no Article III case or controversy and this Court lacks jurisdiction over the appeal.  Moreover, Mr. Vaillancourt cannot cure this jurisdictional defect at this stage of the case, because the time for VLV, the true patent owner, to appeal has expired.  Accordingly, this Court should dismiss Mr. Vaillancourt's appeal.  *See Boeing Co. v. Commissioner of Patents & Trademarks*, 853 F.2d 878, 881 (Fed. Cir. 1988) ("A court must dismiss an appeal whenever it becomes apparent that jurisdiction is lacking.").

### A.    Mr. Vaillancourt Did Not Own The '221 Patent When He Appealed To This Court

As an initial matter, Mr. Vaillancourt has the burden of proving that he has standing to pursue this appeal.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (plurality opinion); *Abbott Point of Care Inc. v. Epocal, Inc.*, 666 F.3d 1299, 1302 (Fed. Cir. 2012) ("[The party invoking jurisdiction] has the burden to

4

show necessary ownership rights to support standing to sue."). "The question of jurisdiction (subject matter or standing) requires a focus on the legal rights or interests which devolve from the relevant statute. Congress may provide for judicial review of some issues at the behest of particular parties but not others." *Syntex (U.S.A.) Inc. v. U.S. Patent & Trademark Office*, 882 F.2d 1570, 1573 (Fed. Cir. 1989). Judicial review of *inter partes* reexamination proceedings, is governed by 35 U.S.C. § 141.[1] Under section 141, "[a] ***patent owner*** … in an inter partes reexamination proceeding, who is … dissatisfied with the final decision in an appeal to the Board of Patent Appeals and Interferences … may appeal the decision only to the United States Court of Appeals for the Federal Circuit." 35 U.S.C. § 141 (2011 amendments) (emphasis added).

Thus, to establish standing to appeal under section 141, Mr. Vaillancourt must show that he was the "patent owner"—and thus, entitled to appeal under the statute—at the time he filed his notice of appeal from the Board's decision. *See National Presto Indus., Inc. v. Dazey Corp.*, 107 F.3d 1576, 1579 (Fed. Cir. 1997) ("This court may not consider an appeal unless the appellant has standing to

---

[1]    Section 141 was revised on September 16, 2011. *See* Leahy-Smith America Invents Act ("AIA"), Pub. L. No. 112-29, 125 Stat. 284 (2011). However, the amendments to section 141 apply only to reexamination proceedings initiated after the effective date of the amendments, September 16, 2012. *Id.* § 7(e)(2), 125 Stat. at 315. The reexamination proceeding at issue in this appeal was initiated on August, 12, 2010. Nonetheless, the provision governing appeals of reexaminations under the AIA similarly extends the right to appeal only to the "patent owner."

5

appeal."). *Cf. Paradise Creations*, 315 F.3d at 1309 ("[I]n order to assert standing … , the plaintiff must demonstrate that it held enforceable title to the patent *at the inception of the lawsuit.*" (citing *Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1328 (Fed. Cir. 2001)); *see also Lujan*, 504 U.S. at 571 n.5.

The undisputed evidence establishes that Mr. Vaillancourt did not own the '221 patent at the time that this appeal was filed. The application that became the '221 patent was filed by the inventor, Vincent L. Vaillancourt, on June 12, 2001. *See* Ex. I. On May 2, 2002, the patent application was assigned to Patricia B. Vaillancourt, and the '221 patent later issued on March 2, 2004. *See* A ¶ 3; Ex. I. Patricia B. Vaillancourt assigned ownership of the '221 patent to Appellant, Michael J. Vaillancourt, on April 15, 2011. *See* Ex. A ¶ 4. While the *inter partes* reexamination proceeding was pending before the Board, on April 24, 2012, Mr. Vaillancourt assigned his interest in the '221 patent to VLV, which, just three days later, sued BD for infringement of the '221 patent in the District of New Jersey. As Mr. Vaillancourt admits, although VLV owned the '221 patent both at the time that the Board issued its decision and at the time that the appeal was taken, Mr. Vaillancourt—and not VLV—appealed the Board's decision to this Court. *See id*. ¶¶ 7, 10.

As assignor of the patent, Mr. Vaillancourt's injury "is not within the 'zone of interests' protected by the[] statute[]," *Boeing*, 853 F.2d at 882, which limits the

right to appeal Board decisions on reexamination proceedings to the "patent owner," *see* 35 U.S.C. § 141. Accordingly, when Mr. Vaillancourt transferred ownership of the '221 patent to VLV, he lost standing to appeal the Board's decision. *See Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1203 (Fed. Cir. 2005); *see also Gaia Techs., Inc. v. Reconversion Techs.*, Inc., 93 F.3d 774, 777 ("Absent ownership of the Intellectual Property, [plaintiff] lacked standing"), *amended on reh'g in part on other grounds*, 104 F.3d 1296 (Fed. Cir. 1996). Because Mr. Vaillancourt did not have standing to appeal the Board's decision, this Court lacks jurisdiction over this appeal.

### B.    Mr. Vaillancourt Cannot Appeal "Under the Authority" Of VLV

While acknowledging that he no longer owns the '221 patent, Mr. Vaillancourt appears to contend that he has standing to bring this appeal "under the authority given to [him] by VLV." Ex. A ¶ 10. However, this Court has emphasized that the "***assignee*** is the patentee and has standing to bring suit . . . and the suit must be brought ***in its name***." *Enzo APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1093 (Fed. Cir. 1998) (emphasis added). While Mr. Vaillancourt may purport to have some interest in the resolution of this appeal, he "cannot claim standing based on violation of an asserted personal statutorily-created procedural right when Congress intended to grant [him] no such right." *Syntex (U.S.A.)*, 882

F.2d at 1573 (quoting *Banzhaf v. Smith*, 737 F.2d 1167, 1170 n.* (D.C. Cir. 1984) (per curiam)).

Regardless of any purported authority to act on behalf of VLV, as the assignor—and not the owner—of the '221 patent, Mr. Vaillancourt cannot maintain this appeal. *See Delano Farms Co. v. California Table Grape Comm'n*, 655 F.3d 1337, 1342 (Fed. Cir. 2011) ("[T]he assignor, which is no longer regarded as the owner of the patent, need not be joined in any action brought on the patent."), *cert. denied*, 133 S. Ct. 644 (2012). Moreover, "[t]he issue of standing calls into question the power of the court to hear and decide a case, and it is impossible for a party to waive this requirement." *Boeing*, 853 F.2d at 881. Thus, Mr. Vaillancourt's argument that he has "authority" to appeal on behalf of VLV is contrary to basic principles of jurisdiction and this Court's precedent and should be rejected.[2]

---

[2]    In a letter dated June 27, 2013, counsel for Mr. Vaillancourt contended that, because the parties had agreed to a stay of the litigation between VLV and BD in the District of New Jersey, it was somehow "disingenuous" for BD to claim that Mr. Vaillancourt lacks standing in this appeal. *See* Ex. A at 1. However, the district court stay was requested on June 12, 2012, well *before* Mr. Vaillancourt filed a notice of appeal of the Board's decision on April 3, 2013. In any event, the stay was entirely appropriate given that the patent had been found in valid, and as discussed above, standing is a jurisdictional requirement that is not subject to waiver.

## II.    MR. VAILLANCOURT CANNOT CURE THE STANDING DEFECT

Mr. Vaillancourt's lack of standing cannot be cured by either *nunc pro tunc* assignment or substitution of VLV as Appellant.  As an initial matter, the Court is obliged to assess standing at the time of the challenge.  *See Willis v. Government Accountability Office*, 448 F.3d 1341, 1344 (Fed. Cir. 2006) ("Article III standing is required at all stages of federal litigation, including appeals.").  Even were reassignment or substitution proper to remedy the standing defect (which, as discussed below, they are not), at the time that Appellee filed this motion, VLV had neither attempted to reassign the ownership of the '221 patent to Mr. Vaillancourt, nor moved for substitution of VLV in place of Mr. Vaillancourt.

In any event, Mr. Vaillancourt cannot cure this standing defect by seeking to have VLV reassign the '221 patent to him *nunc pro tunc*.  This Court has consistently held that "*nunc pro tunc* assignments are not sufficient to confer retroactive standing."  *Enzo APA*, 134 F.3d at 1093; *see also Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359, 1366 (Fed. Cir. 2010) ("Even if the . . . agreement is . . . a *nunc pro tunc* assignment . . . [the standing] requirement can not be met retroactively."), *cert. denied*, 132 S. Ct. 115 (2011); *Gaia Techs.*, 93 F.3d at 779 ("This [*nunc pro tunc*] agreement is not sufficient to confer standing . . . retroactively.").  Thus, this Court should reject any such attempt to cure the standing defect in this appeal by reassignment.

9

Moreover, Mr. Vaillancourt cannot overcome this standing defect by seeking to substitute VLV.  As an initial matter, this Court has expressed "grave doubts" as to whether a party can cure a jurisdictional defect through substitution when, as in this case, jurisdiction has been challenged in a dispositive motion.  *See Schreiber Foods*, 402 F.3d at 1204 n.6.  Although Rule 43(b) of the Federal Rules of Appellate Procedure provides for substitution of a party on appeal based on a transfer of interest, s*ee Beghin-Say Int'l, Inc. v. Ole-Bendt Rasmussen*, 733 F.2d 1568, 1569 (Fed. Cir. 1984); *see also Jones v. Board of Governors of Fed. Reserve Sys.*, 79 F.3d 1168, 1170 (D.C. Cir. 1996) (quoting *Alabama Power Co. v. ICC*, 852 F.2d 1361, 1366 (D.C. Cir. 1988), substitution is inappropriate where, as here, doing so "would be to condone the impermissible-an evasion of clear jurisdictional requirements ordained by Congress for obtaining judicial review," *Alabama Power*, 852 F.2d at 1366-1367.

Allowing Mr. Vaillancourt—a non-patent owner—to maintain this appeal by merely substituting VLV as Appellant would be to condone an end-run around the clear intent of Congress. *See Alabama Power*, 852 F.2d at 1367.  There is no doubt that, having assigned ownership of the '221 patent to VLV less than a year prior, Mr. Vaillancourt was in the best position to know whether he or VLV owned the '221 patent at the time he filed the notice of appeal to this Court.   Section 142 of the Patent Act requires a patent owner seeking appellate review of the Board's

10

decision to file a notice of appeal "in no case less than 60 days after [the date of the decision from which the appeal is taken]," which here, was April 15, 2013. *See* 35 U.S.C. § 142. As VLV—the true patent owner—failed to appeal during that time frame, permitting VLV to now substitute itself for Mr. Vaillancourt "at this late juncture . . . [would] sanction[] an undisputed failure to comply with applicable statutes and rules." *Alabama Power*, 852 F.2d at 1367. As the *Alabama Power* Court noted, "failure to dismiss the suit 'would enable a late-filing party . . . to perfect an appeal beyond the 60-day period which the statute prescribes.'" *Id.* (quoting *Simmons v. ICC*, 716 F.2d 40, 46 (D.C. Cir. 1983)). Thus, allowing VLV to be substituted as the Appellant in this appeal would severely undermine the intent of Congress in setting forth a procedure for judicial review of the Board's decisions.

## CONCLUSION

For the foregoing reasons, Mr. Vaillancourt's appeal should be dismissed in its entirety for lack of standing.

## FEDERAL CIRCUIT RULE 27(a)(5) STATEMENT

Counsel for BD has conferred with counsel for Michael Vaillancourt regarding this motion. Counsel for Michael Vaillancourt indicated that Appellant opposes this motion and will file a response.

11

Dated:  July 3, 2013                    Respectfully submitted,


                                        /s/ Amy K. Wigmore
                                        _____

                                        AMY K. WIGMORE
                                        WILLIAM MCELWAIN
                                        DAVID CAVANAUGH
                                        HEATHER PETRUZZI
                                        WILMER CUTLER PICKERING
                                            HALE AND DORR LLP
                                        1875 Pennsylvania Ave., N.W.
                                        Washington, D.C. 20006
                                        (202) 663-6000

                                        *Attorneys for Third Party Requester*
                                        *Appellee Becton Dickinson & Company*

## CERTIFICATE OF SERVICE

I certify that I filed Appellee Becton Dickinson & Company's Motion to Dismiss with the Clerk of the United States Court of Appeals for the Federal Circuit via the CM/ECF system and served a copy on the following counsel of record, this 3rd day of July, 2013, by the CM/ECF system and electronic mail.

> FRANCIS C. HAND
> CARELLA BYRNE CECCHI OLSTEIN BRODY & AGNELLO
> 5 Becker Farm Road
> Roseland, NJ  07068
> FHand@carellabyrne.com
>
> DENNIS F. GLEASON
> JARDIM MEISNER & SUSSER
> 30B Vreeland Road
> Florham Park, NJ  07932
> dgleason@gmslawyers.com
>
> *Attorneys for Appellant Michael J. Vaillancourt*

| Amy K. Wigmore | /s/ Amy K. Wigmore |
|---|---|
| Name of Counsel | Signature of Counsel |

| | |
|---|---|
| **Law Firm:** | WILMER CUTLER PICKERING HALE AND DORR LLP |
| **Address:** | 1875 Pennsylvania Ave. N.W. |
| **City, State, ZIP:** | Washington, D.C.  20006 |
| **Telephone Number:** | (202) 663-6000 |
| **FAX Number:** | (202) 663-6363 |
| **E-mail Address:** | amy.wigmore@wilmerhale.com |